ORDER
 

 RANDY G. PIERCE, Justice.
 

 ¶ 1. This matter is before the Court, en banc, on the formal complaint filed on November 15, 2007, by the Mississippi Bar pursuant to Rule 6 of the Rules of Discipline for the Mississippi State Bar, seeking disbarment of attorney Robert C. Arledge. The Mississippi Bar is the disciplinary agency for bar matters, and Arledge is an attorney subject to the disciplinary jurisdiction of this Court.
 

 ¶ 2. Arledge was an attorney in a law firm, and head of the mass torts section of that firm. He was one of several attorneys across the country who entered into a fee-splitting and referral-fee agreement to recruit clients for Fen-Phen settlements. Arledge’s firm employed Greg Warren to solicit clients and obtain client’s proof of usage. Warren assisted Arledge in filing settlement claims with American Home Products (AHP), the makers of Fen-Phen. Eventually, AHP discovered eighty-two potentially false claims; all eighty-two claims originated from the firm that employed Arledge. It was later revealed that Warren and several others connected to him had manufactured documents to prove that particular claimants had used Fen-Phen, and sent the claims to Arledge. Ar-ledge sent the fraudulent claims to the AHP in order to receive the settlement funds.
 

 ¶ 3. Arledge was found guilty of conspiracy (Count 1) pursuant to 18 U.S.C. § 371 (2006); mail fraud (Counts 2-5) pursuant to 18 U.S.C. § 1341 (2006); and wire fraud (Counts 6-7) pursuant to 18 U.S.C. § 1343 (2006), in the United Stated District Court for the Southern District of Mississippi. A certified copy of the “Judgment In A Criminal Case” in
 
 United States v. Robert C. Arledge,
 
 5:06-cr-18DCB-JCS-001 (S.D.Miss.2007), showed that Arledge was
 
 *608
 
 sentenced by the United States District Court for the Southern District of Mississippi to a term of sixty months as to each of Counts 1, 2, and 8, to run concurrently each with the other, and eighteen months as to each of Counts 4, 5, 6, and 7, to run concurrently with each other, and consecutively to each of Counts 1, 2, and 3, for a total of seventy-eight months imprisonment.
 

 ¶4. In addition, Arledge was assessed $700 in costs, and the determination of restitution was deferred until a later date. The Bar contends that the felonies for which Arledge was convicted are among the types of crimes contemplated by Rule 6. The record contains proof of service of the complaint on Arledge by a process server. Arledge has not filed a response to the complaint.
 

 ¶ 5. The Mississippi Bar also filed with this Court on November 15, 2007, a Motion for Indefinite Suspension Pending Appeal, Striking from the Rolls, Suspending and Staying Proceedings. On May 22, 2008, this Court filed an order granting the Mississippi Bar’s relief. This Court’s order stated, in part:
 

 IT IS THEREFORE ORDERED that Robert C. Arledge’s name shall be stricken from the Bar rolls; Robert C. Arledge is immediately suspended from the practice of law in the State of Mississippi pending final disposition of these disciplinary proceedings or until reversal of the aforementioned convictions; that further disciplinary proceedings on the formal complaint are stayed pending the conclusion of Arledge’s appeals; that the Bar shall promptly notify this Court of the resolution of Arledge’s appeals; and that the Clerk of this Court shall forward certified copies of this order to the Chancery Clerk and to the Circuit Clerk of Warren County and to the senior chancellor of Warren County and to the senior circuit judge of Warren County, and the order shall be entered upon the minutes of those courts in accordance with Rule 8.6(iii) of the Rules of Discipline.
 

 ¶ 6. Thereafter, on April 28, 2009, the Mississippi Bar filed a motion for disbarment based on the exhaustion of Arledge’s appeal. The Mississippi Bar provided documentation showing that Arledge’s appeal had been concluded without a reversal of his convictions. In support of its motion, the Mississippi Bar attached a copy of the December 22, 2008, opinion by the United States Court of Appeals for the Fifth Circuit in which that court affirmed Arledge’s convictions in the United States District Court for the Southern District of Mississippi. Also in support of its motion, the Mississippi Bar attached documentation showing that the United States Supreme Court had denied Arledge’s petition for writ of certiorari on April 20, 2009.
 

 ¶ 7. Rule 6(a) of the Mississippi Rules of Discipline provides:
 

 (a) Whenever any attorney subject to the disciplinary jurisdiction of the Court shall be convicted in any court of any state or in any federal court, or enter a plea of guilty or a plea of nolo contende-re therein, or tender a guilty plea pursuant to the provisions of Miss.Code Ann. § 99-15-26 (Supp.1993), or any similar provision in state or federal law therein of any felony (other than manslaughter) ... a certified copy of the judgment of conviction ... shall be presented to the Court by Complaint Counsel and shall be conclusive evidence thereof. The Court shall then forthwith strike the name of the attorney and order his immediate suspension from the practice of law.
 

 ¶ 8. Rule 6(d) of the Mississippi Rules of Discipline provides:
 

 (d) When time for appeal from judgment or conviction provided above ex
 
 *609
 
 pires or all appeals have been concluded without reversal, Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment.
 

 ¶ 9. The crimes for which Arledge was convicted and sentenced are among those contemplated by Rule 6. Further, Arledge has completed the appeal process, and his convictions have been affirmed by the federal courts. Rule 6 requires Arledge’s disbarment and the striking of his name from the rolls of those licensed to practice law in the State of Mississippi.
 

 ¶ 10. IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
 

 1. Robert C. Arledge is hereby permanently DISBARRED from the practice of law in the State of Mississippi.
 

 2. This order shall constitute notice of permanent disbarment in this cause.
 

 3. The Clerk of the Mississippi Supreme Court shall forward an attested copy of this order to Robert C. Arledge and the Executive Director of the Mississippi Bar.
 

 4. Robert C. Arledge shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment and comply with all other requirements applicable to disbarred attorneys pursuant to Rule 11 of the Rules of Discipline for the Mississippi Bar.
 

 5. The Clerk of this Court shall immediately forward an attested copy of this order to the circuit court judges and chancellors in and for Warren County, Mississippi, and the senior judge of each court shall enter this order upon the minutes of his or her respective court.
 

 6. The Clerk of the Mississippi Supreme Court shall likewise immediately forward an attested copy of this order to Clerks of the Circuit and Chancery Courts of Warren County; the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi; the Clerk of the United States Court of Appeals for the Fifth Circuit; and the Clerk of the Supreme Court of the United States.
 

 7. Robert C. Arledge shall file, within forty-five days following entry of this order, an affidavit with this Court stating that all his clients have been notified of his disbarment and his consequent inability to practice law in the State of Mississippi and that he has fully complied with all requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi Bar.
 

 8. The Bar shall recover from Robert C. Arledge all of its costs and expenses of this disciplinary action.
 

 ¶ 11. SO ORDERED, on this the
 
 23rd
 
 day of September, 2009.
 

 GRAVES, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.